# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MARK D. MORGAN,<br><br>  Petitioner,<br><br>vs.<br><br>DANIEL CRAIG,<br><br>  Respondent. | No. C09-1042-LRR<br><br>ORDER |

## I. INTRODUCTION

This matter is before the court on the respondent's motion to dismiss the petitioner's application for a writ of habeas corpus as untimely ("motion to dismiss"). On October 5, 2009, the petitioner filed an application for a writ of habeas corpus (docket no. 4).[1] On April 6, 2010, the respondent filed the instant motion to dismiss (docket no. 11). On May 18, 2010, the petitioner filed a resistance to the motion to dismiss (docket no. 13). The court now considers whether the petitioner's application for a writ of habeas corpus is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## II. BACKGROUND

### A. Plea Agreement

On September 20, 2000, the State filed a trial information in the Iowa District Court for Dubuque County, charging the petitioner with one count of second-degree sexual

---

[1] The court uses the date most favorable to the petitioner. The petitioner signed his application for a writ of habeas corpus on October 5, 2009, and the clerk's office filed it on October 19, 2009. *See* Fed. R. App. P. 4(c) (outlining the prison-mailbox rule); *Nicholos v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc) ("[A] *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court.").

abuse, in violation of Iowa Code section 709.3; one count of lascivious acts with a child, in violation of Iowa Code section 709.8; one count of sexual exploitation of a child, in violation of Iowa Code section 728.12; one count of dissemination and exhibition of obscene material to a minor, in violation of Iowa Code section 728.2; two counts of indecent exposure, in violation of Iowa Code section 709.9; and one count of first-degree harassment, in violation of Iowa Code section 708.7. *See State v. Morgan*, 2002 Iowa App. LEXIS 773 (Iowa Ct. App. 2002); *State v. Morgan*, No. FECR044141 (Dubuque County Dist. Ct. 2001).[2] On the day of trial, December 5, 2000, the petitioner and the State entered into a plea agreement. *Id.* Pursuant to such agreement, the State and the petitioner agreed that the petitioner would plead guilty to several counts in an amended trial information. *Id.* The amended trial information, among other things, replaced the second-degree sexual abuse count with four counts of lascivious acts. *Id.*; *see also State v. Morgan*, No. FECR045035 (Dubuque County Dist. Ct. 2001). In return, the petitioner agreed not to resist the State's recommendation that the sentences be ordered to run consecutively to each other. *See State v. Morgan*, 2002 Iowa App. LEXIS 773 (Iowa Ct. App. 2002); *State v. Morgan*, No. FECR044141 (Dubuque County Dist. Ct. 2001). On December 5, 2000, the Iowa District Court for Dubuque County accepted the petitioner's guilty pleas. *See State v. Morgan*, 2002 Iowa App. LEXIS 773 (Iowa Ct. App. 2002); *State v. Morgan*, No. FECR045035 (Dubuque County Dist. Ct. 2001); *State v. Morgan*, No. FECR044141 (Dubuque County Dist. Ct. 2001).

### B. Sentencing and Judgment

On January 17, 2001 or prior to being sentenced, the petitioner filed a motion in arrest of judgment. *See State v. Morgan*, No. FECR044141 (Dubuque County Dist. Ct. 2001). The Iowa District Court for Dubuque County denied it after holding a hearing

---

[2] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

regarding such motion. *Id.* On March 20, 2001, the Iowa District Court for Dubuque County conducted a sentencing hearing. *Id.* On March 27, 2001, the Iowa District Court for Dubuque County sentenced the petitioner and entered judgment against him regarding: the five counts of lascivious acts with a child, in violation of Iowa Code section 709.8; the two counts of sexual exploitation of a child, in violation of Iowa Code section 728.12; the two counts of indecent exposure, in violation of Iowa Code section 709.9; the one count of lascivious conduct with a child, in violation of Iowa Code section 709.14; and the one count of first-degree harassment, in violation of Iowa Code section 708.7. *See State v. Morgan*, 2002 Iowa App. LEXIS 773 (Iowa Ct. App. 2002); *State v. Morgan*, No. FECR045035 (Dubuque County Dist. Ct. 2001); *State v. Morgan*, No. FECR044141 (Dubuque County Dist. Ct. 2001). With respect to the specific sentences, the petitioner received: five years for each count of lascivious acts with a child, ten years for each count of sexual exploitation of a child, one year for each count of indecent exposure, one year for the count of lascivious conduct with a child, and two years for the count of first-degree harassment. *Id.* The Iowa District Court for Dubuque County ordered the sentences to run consecutively for a total indeterminate sentence of up to fifty years. *See State v. Morgan*, 2002 Iowa App. LEXIS 773 (Iowa Ct. App. 2002). On April 10, 2001, the petitioner appealed. *Id.*; s*ee also State v. Morgan*, No. FECR045035 (Dubuque County Dist. Ct. 2001); *State v. Morgan*, No. FECR044141 (Dubuque County Dist. Ct. 2001).

On June 5, 2001, the petitioner filed a motion for reconsideration of his sentence. *State v. Morgan*, No. FECR045035 (Dubuque County Dist. Ct. 2001); *State v. Morgan*, No. FECR044141 (Dubuque County Dist. Ct. 2001). The next day, the Iowa District Court for Dubuque County denied such motion. *Id.*

### C. Direct Appeal

On direct appeal, the petitioner argued that the Iowa District Court for Dubuque County erred in failing to give reasons for its imposition of consecutive sentences. *See State v. Morgan*, 2002 Iowa App. LEXIS 773 (Iowa Ct. App. 2002). The petitioner, in a pro se brief, also argued that his trial counsel provided ineffective assistance of counsel.

3

*Id.* On July 19, 2002, the Iowa Court of Appeals affirmed the petitioner's convictions and resulting sentences. *Id.* On September 26, 2002, procedendo issued. *See Morgan v. State*, No. 01-0584 (Iowa 2002); *see also State v. Morgan*, No. FECR045035 (Dubuque County Dist. Ct. 2001); *State v. Morgan*, No. FECR044141 (Dubuque County Dist. Ct. 2001).[3]

### D. First State Post-Conviction Relief Action

On September 27, 2002, the petitioner filed an application for post-conviction relief. *See Morgan v. State*, No. PCCV053161 (Dubuque County Dist. Ct. 2003). On February 5, 2003, the Iowa District Court for Dubuque County addressed the merits of the claims asserted and dismissed the petitioner's application for post-conviction relief. *Id.* On August 1, 2003, the petitioner appealed. *See State v. Morgan*, No. FECR044141 (Dubuque County Dist. Ct. 2001). In such appeal, the petitioner argued that his post-conviction relief application was incorrectly denied because a hearing never took place and that the appeal of such denial was timely due to errors by appointed counsel. *Id.* On August 12, 2003, the State filed a motion to dismiss the appeal. *See Morgan v. State*, No. 03-1262 (Iowa 2004). On March 24, 2004, the Iowa Supreme Court dismissed as untimely the petitioner's appeal. *Id.*; *see also State v. Morgan*, No. FECR044141 (Dubuque County Dist. Ct. 2001). On April 7, 2004, procedendo issued. *See Morgan v. State*, No. 03-1262 (Iowa 2004); *State v. Morgan*, No. FECR044141 (Dubuque County Dist. Ct. 2001).

### E. First Federal Habeas Corpus Action

On April 27, 2004, the petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Morgan v. State*, Case No. 2:04-cv-01017-LRR (N.D. Iowa 2004). On July 6, 2004, the court dismissed without prejudice the petitioner's

---

[3] Under Iowa law, appeals must be taken within thirty days of the final judgment. *See* Iowa R. App. P. 6.101; *State v. Braun*, 460 N.W.2d 454, 455 (Iowa 1990); *State v. Raim*, 381 N.W.2d 635, 636 n.1 (Iowa 1986). In the event that an appeal is timely filed, the date procedendo issues determines when a conviction is final under Iowa law; an appeal becomes final on the date procedendo is issued. Iowa Code section 822.3; *Dible v. State*, 557 N.W.2d 881, 883 (Iowa 1996); *Smith v. State*, 542 N.W.2d 853, 853-54 (Iowa 1995).

application for a writ of habeas corpus, concluding that the petitioner failed to exhaust the remedies available in the state courts before seeking habeas corpus relief. *Id.* (citing 28 U.S.C. § 2254(b)(1)(A)). On the same date, judgment entered against the petitioner. *Id.*

### F. Second State Post-Conviction Relief Action

On August 9, 2004, the petitioner filed a second application for post-conviction relief. *See Morgan v. State*, No. PCCV053815 (Dubuque County Dist. Ct. 2004). On September 13, 2004, the Iowa District Court for Dubuque County summarily dismissed the application, finding that it had already dismissed an application for post-conviction relief on February 5, 2003. *Id.* On September 20, 2004, the petitioner appealed the dismissal of his application for post-conviction relief. *Id.*; *see also Morgan v. State*, No. 04-1559 (Iowa 2004).

On June 14, 2006, the Iowa Court of Appeals reversed and remanded for further review, finding that the petitioner had not previously been heard on his claim of "newly discovered evidence." *Morgan v. State*, 2006 Iowa App. LEXIS 577 (Iowa Ct. App. 2006). On July 18, 2006, procedendo issued. *See Morgan v. State*, No. 04-1559 (Iowa 2004).

On January 16, 2008, the Iowa District Court for Dubuque County conducted a further review, addressed the merits of the newly discovered evidence claim and dismissed the petitioner's application for post-conviction relief. *See Morgan v. State*, No. PCCV053815 (Dubuque County Dist. Ct. 2004). On February 1, 2008, the petitioner filed a notice of appeal. *Id.*; *see also State v. Morgan*, No. 08-0182 (Iowa 2008). On December 30, 2008, the Iowa Supreme Court dismissed as frivolous the appeal. *See State v. Morgan*, No. 08-0182 (Iowa 2008). On December 31, 2008, procedendo issued. *Id.*

### G. Second Federal Habeas Corpus Action

On October 5, 2009, the petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application for a writ of habeas corpus, the petitioner argues that: (1) his guilty plea was unlawfully induced; (2) his conviction was obtained by use of a coerced confession; (3) his conviction was obtained by an

5

unconstitutional search and seizure, (4) his conviction was obtained in violation of the privilege against self-incrimination; (5) counsel provided ineffective assistance; and (6) the prosecution failed to disclose evidence. On December 30, 2009, the respondent filed a motion to dismiss for lack of jurisdiction. The respondent argued that the petitioner's application for a writ of habeas corpus qualified as a second or successive application for a writ of habeas corpus. On March 30, 2010, the court denied the respondent's first motion to dismiss because the petitioner's previous application for a writ of habeas corpus was denied without prejudice and, thus, had not been decided on the merits. On April 5, 2010, the respondent filed an answer to the application for writ of habeas corpus. On April 6, 2010, the respondent filed the instant motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure.[4] The respondent argues that the petitioner's application for a writ of habeas corpus is untimely under 28 U.S.C. § 2244(d)(1). On May 18, 2010, the petitioner filed a resistance to the motion to dismiss. The respondent did not file a reply.

### III.  DISCUSSION

#### A.  *Standard of Review*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

---

[4] The court notes that the respondent filed two motions to dismiss. The respondent filed its first motion to dismiss for lack of jurisdiction on December 30, 2009, which the court denied on March 30, 2010. The respondent filed a responsive pleading on April 5, 2010 and its second motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure on April 6, 2010. A party that moves to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure waives the right to make another motion raising a claim that was omitted from the earlier motion. Fed. R. Civ. P. 12(g)(2). The respondent is not entitled to file a second motion to dismiss, but, in the interest of efficiency, the court will decide the motion to dismiss on the merits. *Cf. Flora v. Home Fed. Sav. And Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982) (permitting a Rule 12(c) judgment on the pleadings sua sponte where one party is clearly entitled to judgment).

12(b)(6).[5] When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, "no matter how skeptical the court may be." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1959 (2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). Stated differently, "a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level . . . .'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2) of the Federal Rules of Civil Procedure]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton*

---

[5] While a Rule 12(b)(6) motion must be made before a responsive pleading, a motion to dismiss for failure to state a claim may be advanced in conjunction with or after a response is filed as a motion for judgment on the pleadings under Rule 12(c). Fed R. Civ. P. 12(b), (c), (h)(2). The court uses the same standard for a judgment on the pleadings as for Rule 12(b)(6) motions, and will proceed under the 12(b)(6) standard. *See Webster Industries, Inc. v. Northwood Doors, Inc.*, 234 F. Supp. 2d. 981, 989 (N.D. Iowa 2002) (citing *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)).

*v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

### B.  28 U.S.C. § 2244(d)

Under the AEDPA, applications for habeas corpus relief are subject to a one-year statute of limitation as provided in 28 U.S.C. § 2244(d)(1).  "By the terms of [28 U.S.C. §] 2244(d)(1), the one-year limitation period [. . .] begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final."  *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).[6]

Here, the Iowa District Court for Dubuque County entered judgment against the petitioner on March 27, 2001.  State law requires the petitioner to take and perfect an appeal within thirty days.  *See* Iowa R. App. P. 6.101 (appeals in criminal actions must be taken and perfected within 30 days of final judgment).  On April 10, 2001, the petitioner filed a timely notice of appeal.  On July 19, 2002, the Iowa Court of Appeals affirmed the petitioner's conviction and resulting sentence.  On September 26, 2002,

---

[6] 28 U.S.C. § 2244(d)(1) provides:
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

procedendo issued.⁷ As the petitioner did not seek a writ of certiorari from the Supreme Court, the conviction became final 90 days later or on December 25, 2002, the date of the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A) (the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review); *see also Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").⁸

Due to the one-year statute of limitation under 28 U.S.C. § 2254, the petitioner's application for a writ of habeas corpus is only timely if the period was "tolled" for all but a period of less than one year between December 25, 2002 and October 5, 2009, the date he filed the instant action. *See Peterson*, 200 F.3d at 1204; *Nichols*, 172 F.3d at 1077.

---

⁷ In the case where a petitioner files an appeal, the date procedendo issues is relevant in determining the date when the conviction becomes final. *Compare Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitation for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or (2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)) *with Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("If [a] defendant stops the appeal process before [the entry of judgment by the state court of last resort], the conviction becomes final when the time for seeking further direct review in the state court expires.").

⁸ If the petitioner's direct appeal does not contain a claim that is reviewable by the Supreme Court, the 90 days is not applicable and the one-year statute of limitation under 28 U.S.C. § 2254 runs from the date procedendo issued in state court. *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008). However, in this case the petitioner raised claims that the Supreme Court could have reviewed. *See State v. Morgan*, 2002 Iowa App. LEXIS 773 (Iowa Ct. App. 2002).

Post-conviction relief actions filed before or during the limitation period for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" post-conviction relief action is before the district court; (2) the time for filing of a notice of appeal even if the petitioner does not appeal; and (3) the time for the appeal itself. 28 U.S.C. § 2244(d)(2); *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)); *Peterson*, 200 F.3d at 1204-05; *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *see also Snow*, 238 F.3d at 1035-36 (concluding 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief).

The petitioner filed an application for post-conviction relief on September 27, 2002, which was dismissed on February 5, 2003. Since the direct appeal and the petitioner's first properly filed post-conviction relief action overlap, the period tolled until the expiration of the appeal period or March 7, 2003.

Although the petitioner appealed on August 1, 2003, the Iowa Supreme Court dismissed as untimely the petitioner's appeal on March 24, 2004. Untimely applications or appeals for post-conviction relief are not "properly filed" under 28 U.S.C. § 2244(d)(2). *See Evans v. Chavis,* 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, *provided that* the filing of the notice of appeal is timely under state law"). Here, the petitioner's appeal does not toll the statute of limitation. Since the appeal was untimely, it was not "properly filed" under 28 U.S.C. § 2244(d)(2) and, thus, did not toll the statute of limitation between March 7, 2003 and April 7, 2004, the date procedendo issued. Therefore, the one-year statute of limitation began to run on March 7, 2003 and expired on March 7, 2004.

On August 9, 2004, the petitioner filed a second and independent application for post-conviction relief, which was "pending" until procedendo issued on December 31,

2008. Although the second application for post-conviction relief was properly filed, it was not pending at any time between March 7, 2003 and March 7, 2004 and, therefore, does not effect the prior expiration of the one-year statute of limitation.[9]

Even if the petitioner's first application for post-conviction relief had been pending until April 7, 2004, a period of 124 days passed between April 7, 2004 and August 9, 2004, the date the petitioner properly filed his second application for post-conviction relief. That second application for post-conviction relief was pending until December 31, 2008. Then a period of 278 days passed between December 31, 2008, the date procedendo issued, and October 5, 2009, the date the petitioner filed the instant application for a writ of habeas corpus. The sum of the 124 days and the 278 days is 402 days. Accordingly, even if the untimely appeal of the application for post-conviction relief had tolled the one-year statute of limitation under 28 U.S.C. § 2244(d)(1), the petitioner's second application for a writ of habeas corpus is still untimely.

Because the one-year statue of limitation contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling may apply. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore v. United States*, 173 F.3d 1131, 1135-36 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a

---

[9] Iowa law allows a defendant three years in which to apply for post-conviction relief. *See* Iowa Code section 822.3. Nonetheless, the one-year statute of limitation contained in 28 U.S.C. § 2244 bars a petitioner from filing a federal application for a writ of habeas corpus under 28 U.S.C. § 2254 if one year or more of the three-year period for filing a state application for post-conviction relief under Iowa Code section 822 lapses. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001); *see also Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003) (applying *Painter*). Further, it makes no difference that the petitioner filed a prior application for a writ of habeas corpus and the court dismissed it without prejudice. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (concluding that the dismissal without prejudice of an initial federal application for a writ of habeas corpus rendered that proceeding a nullity and left the parties as if no action had ever been filed) (citing *Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 74 (2001), for the proposition that 28 U.S.C. § 2244(d)(2) does not permit tolling on the basis of a pending application for a writ of habeas corpus).

prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463; *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling "reserved for those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result"); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (equitable tolling reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir.1993)). In the instant case, the petitioner presents no extraordinary circumstances justifying the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (party who seeks to invoke equitable tolling bears the burden of establishing the basis for it).[10]

In sum, the petitioner did not file his application for a writ of habeas corpus within the one-year statute of limitation. Indeed, the statute of limitation expired on March 7, 2004. Because it is clear that 28 U.S.C. § 2244(d) bars the petitioner's action, the motion to dismiss shall be granted.

## IV. CERTIFICATE OF APPEALABILITY

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the circuit court of appeals. *See* 28 U.S.C.

---

[10] The petitioner cites appointed counsel's untimely communication with him as one reason for the delay. However, appointed counsel's failure to act or recognize the importance of the applicable statute of limitation does not justify equitable tolling. *See Kruetzer*, 231 F.3d at 463.

§ 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the petitioner failed to make the requisite "substantial showing" with respect to the claims he raised in his application pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because there is no debatable question as to the resolution of this case,

13

an appeal is not warranted. Accordingly, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253.

If the petitioner desires further review of his 28 U.S.C. § 2254 application, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The respondent's motion to dismiss the petitioner's application for a writ of habeas corpus as untimely (docket no. 11) is granted.

2) The clerk's office is directed to enter judgment in favor of the respondent.

3) A certificate of appealability is denied.

**DATED** this 20th day of July, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA